[No. 16008.  Department Two.—January 13, 1899.]

## LEE SAN, Appellant, v. THE HUME PACKING COMPANY et al., Respondents.

CONTRACT FOR LABOR—PAYMENTS TO BE MADE TO SURETIES—TRUST— ASSIGNMENT BY RELEASED SURETIES—NOTICE—ACTION BY ASSIGNEE.— An action to recover the balance due under a written contract for labor, brought by an assignee of a firm of sureties upon a. bond given to secure its performance by the party bound thereunder to furnish the labor, cannot be sustained, although payments for the labor furnished were to be made to such sureties, under the terms of the contract, if the court finds upon sufficient evidence that such payments were to be made to. them as trustees for such party to the contract and for their protection as his sureties on the bond, and that they had been fully released from their bond prior to the assignment, and, at the time thereof, had no interest in the balance due under the contract, and that the assignment was made to the plaintiff without the consent of the party entitled to the money, and with notice of his rights.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Smith & Murasky, for Appellant.

Reddy, Campbell & Metson, for Respondent.

THE COURT.—The judgment went in the court below for defendants, and plaintiff appeals from an order denying his motion for a new trial.

The defendants are some associated corporations, who may be designated for convenience as the Hume Packing Company.

·On the twenty-ninth day of January, 1891, one John Quinn, .as party of the first part, and the defendants, as parties of the second part, entered into a certain written contract by which ·Quinn agreed to employ a large number of Chinamen and pro- ·ceed from San Francisco to Alaska and engage for defendants in the business of packing salmon, and for the work done the de- fendants were to pay certain sums of money.   There were many ·details in the contract which are not important here and need not be mentioned.   It was stipulated that Quinn was to give a .bond in the sum of seven thousand five hundred dollarss for the faithful fulfillment of his part of the contract, and also that the money to become due under it should be paid to Sun Wah Hing & Co.   Quinn and the defendants were the parties to the ·contract; but at the bottom of the instrument, after the signa- tures of said parties was the following:   "We accept the terms .and conditions of the foregoing contract."   (Signed, Sun Wah Hing & Co.)   At the same time a bond in the sum of seven thousand five hundred dollars was given by said Sun Wah Hing & Co., conditioned for the fulfillment by Quinn of his covenants in said contract, and the contract is referred to in the bond as ·one made by the defendants "with John Quinn, bearing date herewith."   After the return of Quinn and the Chinamen at the ·end of the packing season to San Francisco, it appeared that there was a balance owing by defendant on the contract of four- teen thousand  eight hundred and  one dollars  and sixty-one ·cents.   Defendants claimed, however, that certain work on some of the cans, such as labeling, et cetera, had not been done, and they held back fifteen hundred dollars for the payment of la- borers to finish the work.   Colonel Bee, the Chinese vice-coun- ·sel, was present for the purpose of protecting the interests of the Chinese laborers, and a check for thirteen thousand three hun- dred and one dollars and sixty-one cents was drawn by the de- fendants, payable to Sun Wah Hing & Co., which was immedi- ately indorsed by the latter and delivered to Colonel Bee.   A number of Chinamen were then employed to complete the un- finished work on the cans.   Afterward Sun Wah Hing & Co. made an assignment of the fifteen hundred dollars due on the contract to the plaintiff in this case, Lee San; and this action is brought upon said assignment to recover of the defendants

the fifteen hundred dollars. The Chinamen, twenty-eight in number, who performed the last work on the cans, have not yet been paid.

The court below found that the contract was made by defendants with Quinn and with no other person; that the money was to be paid to Sun Wah Hing & Co. merely as trustees for Quinn and for their protection on the bond; that Sun Wah Hing & Co. could not assign their trusteeship to the plaintiff; that the assignment was made without the consent and against the will of Quinn; that plaintiff knew all the facts at the time he took the assignment and knew that the fifteen hundred dollars was money due Quinn, and not the money of Sun Wah Hing & Co.; that Quinn performed the labor of labeling, et cetera, of the cans, and duly performed all the obligations and conditions of the contract, and that defendant, before the alleged assignment, had released Sun Wah Hing & Co. from their obligation upon the bond; and that at the time of the assignment the fifteen hundred dollars was not the money of Sun Wah Hing & Co., and that the latter had no interest therein, and that therefore the plaintiffs are not entitled to recover in this action.

There are no assignments of errors of law in the record; and the contention of the appellant for a new trial is based entirely upon specifications of the insufficiency of the evidence to justify the decision. Upon this point it is sufficient to say that the findings of the court below are supported by the evidence, and that it is not necessary to restate that evidence here.

The order appealed from is affirmed.